(100 South. 436)

No. 24590.

## FASSBENDER v. GHERGICH.

(May 5, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Brokers** ⬅94—**Power held to authorize broker's acceptance for principal of offer to purchase.**

Power of attorney to realty agent *held* to expressly authorize him to accept, on behalf of principal, offer to purchase made in conformity with terms specified.

2. **Brokers** ⬅94—**That offer to purchase made subject to lease held not to affect vendor's liability after acceptance.**

The mere fact that offer to purchase property was made subject to existing lease *held* not to affect vendor's liability to convey after acceptance by authorized agent.

3. **Brokers** ⬅94—**Stipulation as to notary public before whom sale to be passed held not to affect vendor's liability to convey.**

Stipulation by vendor's agent, accepting offer to purchase property, that act conveying same should be passed before "owner's notary public," whereas nothing was specified in conditions imposed by vendor as to what officer sale should be passed before, *held* not to affect vendor's liability to convey.

4. **Vendor and purchaser** ⬅44—**Sales; fraud of broker releasing agency and subsequently purchasing property held not shown.**

The fact that purchasers of property from a broker authorized by defendant to sell it had previously represented defendant, and that he had declined to sell to them for fear of liability of double commissions and that such purchasers released their agency before making the purchase, *held* not to indicate fraud or ill practice.

5. **Specific performance** ⬅127(1)—**One enforcing specific performance entitled to accounting for fruits and revenues received by defendant.**

One suing for specific performance of contract to sell realty is entitled to accounting for fruits and revenues.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by John P. Fassbender against Matthew Ghergich. Decree for plaintiff, and

defendant appeals. Annulled in part, and affirmed in part.

L. H. Gosserand, of Gretna, and David Sessler, of New Orleans, for appellant.

Martin H. Manion and Herbert W. Kaiser, both of New Orleans, for appellee.

OVERTON, J. This is a suit demanding specific performance of an alleged promise of sale. The property involved consists of certain improved real estate, situated in the city of New Orleans, and bearing municipal numbers 3801 and 3803 Ulloa street. Coupled with this demand is one for an accounting for the fruits and revenues of the property involved.

On June 16, 1919, defendant executed and delivered to Ernest A. Carrere, a real estate agent of New Orleans, the following instrument, to wit:

"I hereby authorize you, your successors, or your heirs, to sell for me property No. 3801–03 Ulloa street, corner Cortez street, size of lot 32 feet by 111.8 feet, more or less, description of improvements * * * rented for $—— per month, same to be sold for not less than ($3,750) thirty-seven hundred and fifty 00/100 dollars.

"Terms and conditions: Cash purchaser to assume 1919 taxes.

"I agree to give you sole control for six months and I further agree not to interfere in the sale of the property during the term of this contract and further agree to refer all applicants for the sale of this property to the said Ernest A. Carrere.

"At the expiration of six months I will notify you in writing, whether or not I desire this contract to continue, and my failure to do so shall operate as a renewal of this contract for a term of six months more. It is further understood and agreed that there are to be no charges if above described property is not sold.

"If sold I agree to pay you a commission of 3 per cent. If sold by you or any one else I still agree to pay you a commission of 3 per cent. It is distinctly understood that your labor ceases when the deposit on account of purchase price is put up, and that your commission is earned whether the title to said property is accepted or rejected by the purchaser.

"I further authorize you to accept 10 per cent. of the purchase price on account of sale, which is not to be considered earnest money; and is to be deposited in the City Bank & Trust Company of this city to the credit of Ernest A. Carrere and to remain there until the sale of the property is completed.

"In case of suit to recover any part of the commission or any other amount that may be due, 25 per cent. will be added for attorney's fees."

On the same day that the foregoing instrument was executed, Poer & Seixas, agents, made a written offer, on behalf of plaintiff, to purchase the property for $3,750 cash, to assume the taxes for the year 1919, and to take the property subject to an existing lease, to deposit 10 per cent. of the purchase price, in the event of the acceptance of the offer, and, in the event of failure to comply with the offer, if accepted, to pay 25 per cent. attorney's fees, and 3 per cent. commission on the amount offered, and all costs incurred, the act of sale to be passed before ————, notary public, at the expense of the purchaser.

The offer was accepted by Ernest A. Carrere, and on the same day Poer & Seixas paid to the firm of Ernest A. Carrere's Sons, as agents—of which firm Carrere was a member—$375, to be credited on the price to be paid for the property, this sum being the 10 per cent. of the price referred to in the mandate given by plaintiff to Carrere. The firm issued its receipt for the amount.

Defendant refused to complete the sale by executing a deed to the property, whereupon plaintiff brought this suit. Defendant filed an exception of no cause of action which was overruled. He then filed his answer. The case was tried, and judgment was rendered in favor of plaintiff, requiring defendant to convey said property to plaintiff by clear and unincumbered title, and directing plaintiff to pay to defendant, at the time of the execution of the deed, $3,750, the price agreed to be paid for the property, less the

$375 already deposited on account of that price, and condemning defendant to pay plaintiff $40 a month, as the revenues of said property from July 1, 1919, until he complies with the judgment rendered.

### Opinion.

[1] The power of attorney, granted by defendant to Carrere, in our view, was sufficient to authorize him to offer the property in controversy for sale and to accept an offer to purchase it, and thereby bind defendant to convey the property to the one making the offer. The expressions, found in the instrument, reading: "I hereby authorize you, your successors, or your heirs to sell for me [the] property No. 3801–03 Ulloa street," and "I further authorize you to accept 10 per cent. of the purchase price on account of [the] sale, which amount is not to be considered earnest money"—clearly and necessarily include the power to accept an offer made agreeably to the terms and conditions specified in the power of attorney. As the power to accept the offer made is necessarily included in the express powers granted, we unhesitatingly hold that Carrere had the power to accept an offer, made as aforesaid, and thereby bind defendant to convey the property.

Defendant, however, contends that the offer made by plaintiff through Poer & Seixas and accepted by Carrere is not in accord with all the terms and conditions of sale, specified in the power of attorney, and, hence, that he is not bound by Carrere's action, and, therefore, cannot be required to convey title. As the basis for the position here taken, he points out that the offer to purchase is made "subject to existing lease"—that is to say, that plaintiff, in making his offer through Poer & Seixas, offered to take the property subject to the lease existing thereon, when, as a matter of fact, nothing is said in the

terms and conditions specified by him relative to the sale of the property subject to a lease—and he also points out that, in the receipt given for the 10 per cent. of the purchase price paid, it is stipulated as one of the conditions of sale that the act conveying the property shall be passed before the "owner's notary public," whereas, there is nothing in the conditions specified by him as to what officer the sale should be passed before, if made.

[2, 3] We infer from the record that the property, or a part thereof, was subject to a lease. As it was so subject, defendant has no cause to complain that his agent accepted an offer to purchase it subject to the lease existing thereon. With respect to the condition inserted by defendant's agent in the receipt for the amount paid on account of the purchase price, that the sale should be passed before the "owner's notary public," this was a mere detail, which, by necessary implication, the agent of the owner was authorized to arrange in accepting the offer. Moreover, the stipulation could not have possibly injured defendant, for the notary selected was his own.

[4] Defendant also contends that specific performance should not be required of him, because Poer & Seixas also represented him, and because the offer and its acceptance are characterized by fraud and ill practice.

Shortly before the offer was made to Carrere, Poer & Seixas represented defendant. At the time they represented him, plaintiff offered them, as the agents of defendant, $3,800 for the property, $50 more than the price offered Carrere. The offer was communicated to defendant, but he did not accept it, assigning as the reason for not accepting, that he had the property listed also with Carrere's firm, and was afraid that if he did accept he would have two commissions to pay. It was because of this reason that Poer & Seixas, as we appreciate the

evidence, surrendered the agency. Later, when Poer & Seixas no longer represented defendant, they made for plaintiff the offer in question.

The record does not disclose why there was a difference between the first and the second offer. It does, however, disclose that defendant, with knowledge of the fact that he had been offered, only two weeks before, $3,800 for the property, authorized Carrere to effect a sale for $3,750, thus showing that he was later willing to sell for the latter amount. There must have been a legitimate reason, therefore, for the difference between the two offers. Under the circumstances, we would not be justified in drawing the conclusion that the offer and its acceptance were characterized by fraud or ill practice.

Our conclusion is that defendant should execute the deed demanded.

[5] Plaintiff, as we have seen, has also sued for an accounting for fruits and revenues. He is entitled to such an accounting, but there is nothing in the record upon which to base a judgment for fruits and revenues. Hence, the case will have to be remanded to the end that the accounting may be had.

Defendant, as we have also observed, filed an exceptiton of no cause of action. The pleadings have not been enlarged by the evidence introduced. In fact, the documents upon which plaintiff relies are attached to and form part of his petition. Hence, in passing upon the merits we have necessarily passed upon the issue raised by the exception.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled and set aside in so far as it condemns defendant for fruits and revenues; that this case be remanded to the end that there may be an accounting for said fruits and revenues; and that the judgment appealed from be affirmed in all other respects, plaintiff to pay the costs of appeal.